**ALL COMMERCIAL FLOORS, INC., Appellant,**

v.

**BARTON & RASOR, A General Partnership, Appellee.**

No. 2–02–106–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 9, 2003.

Arter & Hadden, L.L.P., Jeffrey W. Hellberg, Jr., Stephen Burnett, Dallas, for appellant.

Groce & Groce, P.L.L.C., John M. Groce, Jr., Fort Worth, for appellee.

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

All Commercial Floors, Inc. ("ACF") appeals a default judgment in favor of Barton & Rasor, a general partnership ("Barton & Rasor"). ACF contends that the trial court did not have jurisdiction to render the default judgment, and the court abused its discretion by denying ACF's motion for new trial. We reverse and remand.

### I. Facts

Barton & Rasor filed the underlying lawsuit to this appeal on November 9, 2001. The district clerk of Tarrant County issued citation directed to: All Commercial

Floors, Inc. b/s Kelly Lynn Arreola by restricted certified mail, return receipt requested. According to the officer's return, ACF was served on November 13, 2001. The return also stated that "All Commercial Floors" received citation through the mail. Although someone signed the "green card" acknowledging receipt, the signature appears to be someone other than Kelly Lynn Arreola and does not identify the date of delivery. ACF did not file an answer.

On December 21, 2001 Barton & Rasor filed its motion for default judgment. The trial court granted the motion on December 26, 2001. ACF timely filed a motion for new trial, requesting that the default judgment be set aside because its failure to answer was the result of accident or mistake, rather than intentional or conscious indifference. The motion for new trial did not contain any objection to the court's exercise of jurisdiction over ACF. The trial court denied ACF's motion for new trial, and this appeal followed.

## II. Discussion

### A. Preservation of Error

■ ACF raises for the first time on appeal that the trial court did not have jurisdiction to enter the default judgment because Barton & Rasor failed to strictly comply with the requirements of proper service under Texas Rules of Civil Procedure 106 and 107. Tex.R. Civ. P. 106, 107. Barton & Rasor responds that ACF did not preserve any complaint to personal jurisdiction. Because we must determine whether error has been preserved for review, we will address this issue first.

ACF relies on Wilson v. Dunn to argue that it may present the jurisdictional argument for the first time on appeal. In Wilson, the Texas Supreme Court held that although the defendant filed a motion for new trial that did not complain of the defective service, he could properly raise the issue on appeal because Texas Rule of Civil Procedure Rule 324 does not impose such a requirement for preservation of error. Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex.1990); see also Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d 855, 858 (Tex.App.-San Antonio 2002, pet. denied) (holding that defective service can be raised for the first time on appeal).

Barton & Rasor contends that Texas Rule of Appellate Procedure 33.1 requires a timely request, objection, or motion before the trial court to preserve error for appeal, and ACF failed to make such an objection. See Tex.R.App. P. 33.1. It also argues that ACF's reliance on Wilson is incorrect because the supreme court did not resolve whether Rule 52, now Texas Rule of Appellate Procedure 33.1, requires some request or objection to preserve the point for appellate review. See Wilson, 800 S.W.2d at 837 n. 9 (holding that a motion for new trial does not have to contain a complaint about service for it to be raised on appeal).

We believe that Wilson controls, as in Benefit Planners, L.L.P.; therefore, ACF may raise defective service for the first time on appeal. Similar to our facts, neither defendant in Wilson or Benefit Planners, L.L.P. objected in the trial court about defective service of citation; however, the appellate courts concluded that the trial courts never acquired jurisdiction over the defendants because of improper service. See id. at 836–37; Benefit Planners, L.L.P., 81 S.W.3d at 858. Furthermore, the court stated in Benefit Planners, L.L.P. that defective service can be raised for the first time on appeal, without addressing the need to object under Rule 33.1. Benefit Planners, L.L.P., 81 S.W.3d at 858. Therefore, we hold that ACF may

raise defective service for the first time on appeal.[1]

## B. Proper Service Under Rule 107

■ ACF alleges that the trial court did not have jurisdiction to enter the default judgment because Barton & Rasor failed to strictly comply with the requirements of proper service under Texas Rules of Civil Procedure 106 and 107. Tex.R. Civ. P. 106, 107. Barton & Rasor responds that strict compliance does not require "obeisance to the minutest detail"; therefore, we should examine the full record, including appellee's pleadings, the citation, and the return, and give effect to the plain meaning and intent of the citation and return. *See Stephenson v. Corporate Servs., Inc.* 650 S.W.2d 181, 184 (Tex.App.-Tyler 1983, writ ref'd n.r.e.).

■ The rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. *See, e.g., Wilson,* 800 S.W.2d at 836; *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985) (per curiam); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Likewise, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club,* 690 S.W.2d at 885; *Benefit Planners, L.L.P.,* 81 S.W.3d at 858. Lack of compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Wilson,* 800 S.W.2d at 836–37; *Laidlaw Waste Sys.,*

*Inc. v. Wallace,* 944 S.W.2d 72, 74 (Tex. App.-Waco 1997, writ denied).

Barton & Rasor's contention that the entire record should be examined to give effect to the plain meaning and intent of the citation and return is incorrect. In *Benefit Planners, L.L.P.,* the plaintiff argued that the court should consider "the petition with the citation and return in their entirety" to determine whether service was valid. *Benefit Planners, L.L.P.,* 81 S.W.3d at 858 n. 1. The court rejected the plaintiff's argument, stating that the Texas Supreme Court rejected a similar argument in *Primate Construction, Inc. v. Silver. Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *see also Verlander Enters., Inc. v. Graham,* 932 S.W.2d 259, 261 (Tex.App.-El Paso 1996, no writ) (reconfirming the strict compliance standard, eschewing any presumptions in favor of judgment or any review of the whole record to establish proper service). Although we may look to see if the defendant filed any pleadings or entered an appearance, case law does not support a review of the entire record to determine proper service. Therefore, we reject Barton & Rasor's argument.

■ Under Rule 107, when a citation is served by registered or certified mail as authorized under Rule 106, the return by the officer or authorized person must contain the return receipt with the addressee's signature. Tex.R. Civ. P. 107. In *Pharmakinetics Laboratories, Inc. v. Katz,* the court held that a domestic return receipt signed by Charlotte Young, while the name of the appointee designated to receive service for defendant was listed as

---

**1.** Barton & Rasor encourages this court to reconcile the conflict between Texas Rule of Civil Procedure 324 and Texas Rule of Appellate Procedure 33.1; however, we do not feel that is necessary for the disposition of this appeal. Furthermore, the supreme court stated in *Wilson* that any conflict between the rules should be considered in future amendments. *Wilson,* 800 S.W.2d at 837 n. 9. When the appellate rules were amended in 1997 and 2003, this issue was not addressed.

Steve Woodman, was invalid. *Pharmakinetics Labs., Inc. v. Katz,* 717 S.W.2d 704, 706 (Tex.App.-San Antonio 1986, no writ). The discrepancy rendered service of process invalid since the record on its face showed that the return was not signed by the person appointed. *Id.; see also Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App.-San Antonio 2001, pet. denied) (holding process of service defective when the return receipt is not signed by the addressee); *Bronze & Beautiful, Inc. v. Mahone,* 750 S.W.2d 28, 29 (Tex.App.-Texarkana 1988, no writ) (holding process of service defective when the receipt card was signed by someone who was not the registered agent).

Here, the domestic return receipt appears to be signed by "Mark," with an illegible last name. Kelly Lynn Arreola is the individual designated to receive service for ACF. Just as in *Pharmakinetics Laboratories, Inc.,* the record on its face shows that the return was not signed by the addressee or registered agent.

■ Barton & Rasor argues that it has strictly complied with Rule 107 because the officer's return correctly states that ACF, as named in the citation, has been served although it fails to specifically state the person served on behalf of ACF. This argument fails to recognize that a corporation is not a person capable of accepting process, and it must be served through its agents. *See Wohler v. La Buena Vida in Western Hills, Inc.,* 855 S.W.2d 891, 892 (Tex.App.-Fort Worth 1993, no writ) (hold-

ing that delivery of citation is proper when delivered to a party capable of receiving it); *Curry Motor Freight, Inc. v. Ralston Purina Co.,* 565 S.W.2d 105, 106 (Tex.Civ. App.-Amarillo 1978, no writ). Therefore, because the record shows on its face that the return was not signed by the addressee or registered agent and ACF is not capable of receiving service, Barton & Rasor has failed to strictly comply with Rule 107.[2] We sustain ACF's first point.[3] Having disposed of ACF's first point, we need not address whether the trial court abused its discretion by denying a motion for new trial.

### III. Conclusion

Because Barton & Rasor failed to strictly comply with Rule 107, the trial court acquired no *in personam* jurisdiction over ACF. The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

---

**2.** As courts have noted, although the strict compliance requirements "sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits." *Benefit Planners, L.L.P.*

81 S.W.3d at 859; *Verlander Enters., Inc.* 932 S.W.2d at 262.

**3.** Having found failure of strict compliance on one of ACF's points, we need not address whether the officer's signature on the return of service was verified, if omitting "Inc." on the return of service was fatal, or if omission of a date on the return receipt renders service invalid.