Osbaldo **CORONADO, Jr.,** Appellant,

v.

Sharon **NORMAN,** Appellee.

No. 11–02–00365–CV.

Court of Appeals of Texas, Eastland.

July 31, 2003.

Rehearing Overruled Aug. 29, 2003.

Jack O. Nelson, Julie Shoop, Nelson & Nelson, Lubbock, for appellant.

Russell P. Wilson, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

Osbaldo Coronado, Jr. filed this restricted appeal to set aside a default judgment rendered against him. We reverse and remand.

### Issues Presented

Appellant presents two issues on appeal. First, appellant claims that substituted service of process was improper under TEX.R.CIV.P. 106(b). Second, appellant challenges the legal sufficiency of the evidence of the unliquidated damages awarded by the trial court. Because we agree that service of process was improper under Rule 106(b), we do not address appellant's second issue.

### Background Facts

On May 28, 2002, Sharon Norman filed suit against appellant to recover alleged damages suffered as a result of an automobile accident. On June 13, 2002, appellee filed a motion for substituted service, attaching an affidavit from Chuck Horton, the process server. The relevant part of Horton's affidavit stated:

6. I made more than 6 visits to such address and attempt (sic) to obtain personal service of process on the Defendant, Osbaldo Coronado, Jr., at 1542 Lillius Street in Abilene, Texas, the Defendant's place of abode and/or where he can probably be found, on varying dates between May 31, 2002, and the date of this Affidavit [June 13, 2002].

7. On each of the occasions mentioned above I was informed that the said Defendant resided at such address but that he was not there. The last time or two I heard voices within but no one ever came to the door.

8. The foregoing attempts to obtain personal service on the Defendant, Osbaldo Coronado, Jr., have been unsuccessful to date. I advised Plaintiff Sharon Norman's attorney of my attempts and he requested that I submit a "Rule 106 Affidavit."

The trial court granted the motion, and appellant was served through substituted service by attaching the petition to the door of Coronado's home. Appellant did not file an answer to the suit, and the trial court granted a default judgment, awarding appellee $17,945.11 in damages.

### Restricted Appeal

In his first issue on appeal, appellant contends that there was error on the face of the record because the affidavit supporting the substituted service was insufficient under Rule 106(b).

An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) the error must be apparent on the face of the record. TEX.R.APP.P. 30; *Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex.App.-Waco 2002, no pet'n). Restricted appeals replace the

former writ of error procedure. A restricted appeal, like an appeal by writ of error, is a direct attack. *Lewis v. Ramirez,* 49 S.W.3d 561, 564 (Tex.App.-Corpus Christi 2001, no pet'n). Whether an error on the face of the record exists is determined by a consideration of all papers on file in the record. *Norman Communications v. Texas Eastman Company,* 955 S.W.2d 269, 270 (Tex.1997).

■ A default judgment cannot stand when service was not in strict compliance with the Texas Rules of Civil Procedure. There is no presumption in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Primate Construction, Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). Strict compliance with the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation must be shown on the face of the record; or the attempted service of process will be rendered invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Company, Inc.,* 690 S.W.2d 884, 885 (Tex. 1985).

Rule 106(b) governs the substituted service and states in part:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and *stating specifically the facts showing that service has been attempted* under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service … (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. (Emphasis added)

This case raises the question of what "facts showing that service has been at-tempted" must be included in the Rule 106(b) affidavit.

### Standard of Review

■ Substituted service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). Substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient. *Wilson v. Dunn,* supra.

■ Appellee argues that, when the issue is whether the affidavit contains "enough facts" to authorize substituted service, the standard of review is abuse of discretion. We disagree. Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corporation v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985). The issue of whether a Texas court has personal jurisdiction is a question of law. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002)(stating in reviewing a special appearance, courts of appeals review the trial court's factual findings for legal and factual sufficiency and review the trial court's legal conclusions de novo). To determine the correct standard of review, we look at the rule. *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998). Rule 106(b) does allow the trial court discretion in authorizing substituted service but only after a proper affidavit is filed that states specifically the facts showing that service has been attempted. In reviewing the affidavit, the trial court is not making factual

determinations but, instead, is applying the law to the facts stated in the affidavit. We, therefore, conclude that the correct standard of review for the affidavit under Rule 106(b) is de novo.

### Analysis

It is not in dispute that this appeal was brought within six months of the default judgment, that appellant was a party to the suit, and that appellant did not participate in the trial. In connection with the last element, appellant argues that there was error on the face of the record because the facts stated in the affidavit were insufficient under Rule 106(b) to show a valid attempt to personally serve him.

Several cases holding the affidavit to be insufficient are instructive. In *Mackie Construction Company v. Carpet Services, Inc.*, 645 S.W.2d 594, 596 (Tex.App.-Eastland 1982, no writ), we determined that the affidavit in question contained conclusions and not "facts" as required by Rule 106(b); however, we also specifically pointed out that the affidavit did not show how many attempts of service were made or the times at which service was attempted. In *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, 758–59 (Tex.App.-Dallas 1986, no writ), while the affidavit did contain the dates and times of attempted service, it did not contain evidence of probative value that the address was the defendant's usual place of business or usual place of abode or other place where the defendant could be found. In *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex.Civ.App.-Dallas 1979, no writ), the affidavit in question did not show how many attempts of service were made nor the times at which service was attempted. The Dallas Court of Appeals also stated that the affidavit should preferably "describe the attempts at service at each ad-dress and the time of day that each attempt was made." *Harrison v. Dallas Court Reporting College, Inc.,* supra; accord *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654, 656 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ). We note that *Harrison* and *Stylemark Construction* were decided under the prior version of Rule 106(b).

Horton's affidavit does not contain sufficient facts to satisfy Rule 106(b). While the cited cases do not specifically require the inclusion of the dates and times of attempted service, the cases suggest that the specific dates and times of attempted service are important to establish sufficient facts to uphold a default judgment under Rule 106(b). Every attempt at personal service in this case may have been while appellant was at work. When told that appellant "was not there," the process server apparently did not try to find out where appellant could be located or when he would return.

The substituted service was supported by an insufficient affidavit. No personal jurisdiction over appellant was acquired by the trial court. The default judgment is reversed, and the cause is remanded to trial. Pursuant to TEX.R.CIV.P. 123, on remand from a restricted appeal, no new service of process is required for appellant.

### This Court's Ruling

The default judgment is reversed, and the cause is remanded for trial.