

NUMBER 13-07-135-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HOUSTON PRECAST, INC.,                                           **Appellant,**

**v.**

McALLEN CONSTRUCTION, INC.,                                    **Appellee.**

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez, Yañez and Benavides
### Memorandum Opinion by Justice Yañez

Appellant, Houston Precast, Inc. ("Houston"), appeals a default judgment granted in favor of appellee, McAllen Construction, Inc. ("McAllen). By two issues, Houston contends the trial court (1) lacked jurisdiction to render the default judgment, and (2) abused its discretion in denying its motion for new trial. We reverse and remand.

**Background**

On October 26, 2006, McAllen filed suit against Houston, alleging breach of contract and other claims arising out of Houston's alleged failure to provide certain materials needed for McAllen's work on a construction project. On November 28, 2006, McAllen obtained a default judgment. That same day, Houston filed an answer by placing it in the mail to the court; Houston's counsel also faxed a copy of the answer to McAllen's counsel.

The following day, Houston's counsel learned of the default judgment. McAllen refused to set aside the default judgment, and Houston filed a motion to set aside the default judgment and for new trial. The motion stated that because Houston's trial counsel was notified by its client of the lawsuit on November 7, 2006, counsel was under the "mistaken impression" that the petition was received on that date. Houston's counsel thus calculated the answer date as December 4, 2006, instead of the actual answer date, which was November 27, 2006. The trial court held a hearing on Houston's motion on February 12, 2007, and denied the motion on February 26, 2007. This appeal ensued.

In its first sub-issue, Houston argues the trial court lacked jurisdiction to render judgment against it because it was not served in strict compliance with the applicable requirements. Service was attempted on Houston by registered mail addressed to its registered agent, Mike Bednar.[1] However, the return receipt was signed not by Bednar,

---

[1] *See* TEX. R. CIV. P. 106(a)(2) (providing for service by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto").

2

but by "Irene Musselwhite."[2]  Houston thus argues that the attempted service is invalid and that the judgment must be reversed.  Additionally, Houston argues that service is fatally defective because the return of service form attached to the citation is not filled out or signed; it is completely blank.[3]

## Standard of Review and Applicable Law

Houston's claim of a defect in service of process is a challenge to the court's personal jurisdiction over it.[4]  Whether the court had personal jurisdiction over Houston is a question of law.[5]  When a defendant has not answered, a trial court acquires jurisdiction over that defendant solely on proof of proper service.[6]

It is well settled that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements.[7]  Likewise, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment.[8]  Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the

---

[2] *See id.* 107 (providing that "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.").

[3] *See id.* (providing that "[t]he return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person.").

[4] *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.] 2005, no pet.).

[5] *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.–Eastland 2003, pet. denied).

[6] *Furst*, 176 S.W.3d at 868.

[7] *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.–Fort Worth 2003, no pet.).

[8] *All Commercial Floors,* 97 S.W.3d at 726.

3

attempted service of process invalid and of no effect.[9] An appellant may raise defective service for the first time on appeal.[10]

Under rule 107, when a citation is served by registered or certified mail as authorized under rule 106, the return by the officer or authorized person must contain the return receipt with the addressee's signature.[11] In addition, an officer's failure to sign the return of citation renders the return fatally defective and will not support a default judgment on direct attack.[12] Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him.[13] Rather, jurisdiction is dependent upon citation issued and served in a manner provided by law.[14] Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act.[15]

## Discussion

Here, citation was issued to and served upon "Precast [o]f Houston[,] Inc[.], Registered Agent: Mike Bednar, 11393 Sleepy Hollow Rd[.], Conroe, Tx 77385."

---

[9] *Wilson*, 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985) (per curiam)); *see also Furst,* 176 S.W.3d at 869 (noting that party requesting service has responsibility to ensure that proper service is accomplished and the record reflects proper service).

[10] *All Commercial Floors,* 97 S.W.3d at 725 (citing *Wilson*, 800 S.W.2d at 836-37) .

[11] *Id.* at 726; TEX. R. CIV. P. 107.

[12] *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 347 (Tex. App.–Corpus Christi 1990, no writ).

[13] *Wilson*, 800 S.W.2d at 836.

[14] *Id.*

[15] *Id.* at 837.

4

However, the return receipt was signed by "Irene Musselwhite," not by Bednar. Therefore, Houston argues, the attempted service of process is invalid and of no effect, and the trial court lacked jurisdiction to render the default judgment.[16] We agree.

A return of a citation served by registered or certified mail must contain the return receipt with the addressee's signature.[17] If the return receipt is not signed by the addressee, the service of process is defective.[18] Here, the return receipt was signed by "Irene Musselwhite." Irene Musselwhite was not the addressee; therefore, the service of process was defective.

Moreover, it is well-established that even when service is by certified mail, return receipt requested, the officer's return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment.[19] Here, the return of service form is completely blank. Because the record shows on its face that no officer or authorized person executed the return of citation form, service was fatally defective.[20]

McAllen argues that Houston waived its complaint of defective service because it "judicially admitted that it was duly served." We disagree. McAllen cites several of

---

[16] *See id.* at 836.

[17] *See* TEX. R. CIV. P. 107; *Sw. Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 93 (Tex. App.–El Paso 2005, no pet.); *All Commercial Floors*, 97 S.W.3d at 726-27; *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.–San Antonio 2001, pet. denied).

[18] *Sw. Sec. Servs., Inc.*, 172 S.W.3d at 93; *All Commercial Floors*, 97 S.W.3d at 726-27; *Carrasco*, 53 S.W.3d at 19.

[19] *See* TEX. R. CIV. P. 106, 107; *see also, e.g., Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.–Waco 1997, writ denied); *Retail Techs., Inc.*, 791 S.W.2d at 346-47.

[20] *See Retail Techs., Inc.*, 791 S.W.2d at 346-47.

5

Houston's statements in which it acknowledged receipt of the suit documents.[21] In *Wilson*, the supreme court stated:

> The distinction between actual receipt and proper service is precisely what gives rise to the issue we address here. We hold that a default judgment is improper against a defendant who has not been served in strict compliance with law, even if he has actual knowledge of the lawsuit.[22]

We have reviewed Houston's cited statements; we conclude the statements did not constitute a judicial admission conceding the issue of McAllen's compliance with the rules for service of process.

McAllen also argues that by filing a motion for new trial, Houston "appeared" before the trial court, and by doing so, waived service and cured any defects in service. McAllen cites *Western Guaranty Loan Co. v. Dean* in support of the proposition that the filing of a motion for new trial constitutes an appearance.[23] We are unpersuaded by McAllen's argument.

A judgment is rendered when the decision is announced orally in open court or by a memorandum filed with the clerk.[24] A general appearance which waives defects in

---

[21] For example, McAllen cites the testimony of Houston's counsel at the hearing on Houston's motion to set aside the judgment that "[Houston's trial counsel] calculated the answer date as December 4th, when, in fact, it turned out that he [Bednar] was served on November 2nd, Your Honor."

[22] *See Wilson*, 800 S.W.2d at 837; *Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 65 (Tex. App.–Amarillo 1992, no pet.) ("Actual notice to a defendant without proper service is not sufficient to convey jurisdiction upon the court to render a default judgment against him. Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law.").

[23] *See W. Guar. Loan Co. v. Dean*, 309 S.W.2d 857, 864 (Tex. Civ. App.–Dallas 1957, writ ref'd n.r.e.).

[24] *Dan Edge Motors, Inc. v. Scott*, 657 S.W.2d 822, 823 (Tex. App.–Texarkana 1983, no writ).

service must *precede* any action of the court which such appearance validates.[25] Here, Houston filed its motion for new trial *after* the trial court rendered default judgment; thus, it did not constitute a general appearance which waived defects in service.[26]

In *Wilson*, the supreme court held that actual receipt of lawsuit papers—in contrast to proper service—does not cure defective service.[27] The defendant in *Wilson*, like Houston in the present case, did not learn of the default judgment until after it had been rendered, and upon learning of the judgment, filed a motion for new trial.[28] The supreme court rejected the plaintiff's argument that defects in service were cured by the defendant's actual receipt of the lawsuit papers.[29] If the defendant's filing of a motion for new trial in *Wilson* constituted an appearance, so as to cure defective service—the argument McAllen urges us to accept—the supreme court would have decided *Wilson* differently.[30] We reject McAllen's argument that by filing a motion for new trial, Houston appeared before the trial court and, by doing so, cured any defects in service.

---

[25] *Id.* at 824 (noting that if "the record fails to show a valid issuance and service of citation to the defendant, or a voluntary appearance *prior to* rendition of the default judgment, the judgment must be reversed and the cause remanded.") (emphasis added).

[26] *See id.*; *see also Rivers v. Viskozki*, 967 S.W.2d 868, 871 (Tex. App.–Eastland 1998, no pet.) (rejecting argument that defendant waived complaints as to improper service by filing answer and motion for new trial *after* default judgment rendered); *Am. Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex. App.–Corpus Christi 1987, writ ref'd n.r.e.) (noting that "[u]nless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter a default judgment against the defendant.").

[27] *See Wilson*, 800 S.W.2d at 837.

[28] *Id.* at 835.

[29] *Id.* at 837.

[30] *See id.*

7

**Conclusion**

Because the record affirmatively shows that the service of citation on Houston failed to strictly comply with rule 107, we hold that this is an error that is apparent on the face of the record and will not support the default judgment.[31] We therefore sustain Houston's first issue. The default judgment is reversed, and the cause is remanded for trial.

Because of our disposition of Houston's first issue, we need not address its remaining issue.[32]

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 25th day of September, 2008.

---

[31] *See id.*

[32] *See* TEX. R. APP. P. 47.1.

8