NUMBER 13-08-00055-CV
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GENERAL MOTORS ACCEPTANCE

CORPORATION, Appellant,


 v.


ELOY SEPULVEDA , Appellee.

 




On appeal from County Court at Law No. 1 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Yañez
 

 

 Appellant, General Motors Acceptance Corporation ("GMAC"), appeals a no-answer
default judgment granted in favor of appellee, Eloy Sepulveda. By four issues, GMAC
contends: (1) the trial court lacked jurisdiction to render judgment against it because the
attempted service of citation was fatally defective; (2) the trial court abused its discretion
in denying GMAC's motion for new trial because GMAC timely filed an answer under the
"mailbox rule"; (1) (3) the trial court erred in refusing to consider GMAC's motion-for-new-trial
evidence regarding its compliance with the "mailbox rule"; and (4) the evidence is legally
and factually insufficient to support the award of actual and punitive damages. We agree
that the trial court was without jurisdiction to render the default judgment. Therefore, we
do not address GMAC's other issues because they are not necessary to the final
disposition of the appeal. (2) We reverse the trial court's judgment and remand for further
proceedings. 

Background 


 On September 19, 2007, Sepulveda sued GMAC for wrongful re-possession of a
vehicle. Service was attempted on GMAC by registered mail. (3) An unsigned return receipt
"green card" attached to the citation is stamped: "September 28, 2007 RECEIVED CT
CORPORATION." GMAC contends it timely filed an answer by depositing it in the mail 
on October 19, 2007. (4) On October 22, 2007, the trial court rendered a no-answer default
judgment against GMAC. The trial court awarded Sepulveda $500,000 in actual damages
and $500,000 in punitive damages. 

 On November 13, 2007, GMAC filed a motion for new trial. The trial court held a
hearing on the motion for new trial on December 4, 2007. That same day, the trial court
denied GMAC's motion for new trial.

 Standard of Review and Applicable Law


 GMAC's claim of a defect in service of process is a challenge to the court's personal
jurisdiction over it. (5) Whether the court had personal jurisdiction over GMAC is a question
of law. (6) 

 "Strict compliance with the rules governing service of citation is mandatory if a
default judgment is to withstand attack on appeal." (7) Likewise, there are no presumptions
in favor of valid issuance, service, and return of citation in the face of a direct attack on a
default judgment. (8) Failure to affirmatively demonstrate strict compliance with the rules of
civil procedure renders the attempted service of process invalid and of no effect. (9) An
appellant may raise defective service for the first time on appeal. (10) 

 Under rule 107, when a citation is served by registered or certified mail as
authorized under rule 106, the return by the officer or authorized person must contain the
return receipt with the addressee's signature. (11) In addition, an officer's failure to sign the
return of citation renders the return fatally defective and will not support a default judgment
on direct attack. (12) The officer's return at the bottom of the citation must be filled out and
completed; a postal return receipt card alone will not support a default judgment. (13) 

Discussion 
 

 Here, the stamped--but unsigned--postal return receipt card is attached to the
citation. The return of service form attached to the citation is not filled out or signed; it is
completely blank. Because the record shows on its face that no officer or authorized
person executed the return of citation form, service was fatally defective. (14) We sustain
GMAC's first issue. We need not consider its additional issues. (15) 

Conclusion 


 We reverse the default judgment and remand this cause for further proceedings. 

 

 

 

 LINDA REYNA YAÑEZ

 Justice

Delivered and filed 

the 18th day of March, 2010.
1. See Tex. R. Civ. P. 5.
2. See Tex. R. App. P. 47.1. 
3. See Tex. R. Civ. P. 106 (a)(2) (providing for service by "mailing to the defendant by registered or
certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto").
4. If citation of service had been properly executed on September 28, 2007, GMAC's answer would
have been due on October 22, 2007. See Tex. R. Civ. P. 99(b). GMAC's answer was file-stamped on October
25, 2007. However, GMAC contends that under the "mailbox rule," its answer was timely filed because it was
deposited in the mail prior to the deadline and received within ten days of the deadline. See id. at R. 5. 
5. Furst v. Smith, 176 S.W.3d 864, 868 (Tex. App.-Houston [1st Dist.] 2005, no pet.); Benefit Planners
v. Rencare, Ltd., 81 S.W.3d 855, 858 (Tex. App.-San Antonio 2002, pet. denied) ("When the attempted
service of process is invalid, the trial court acquires no in personam jurisdiction over the defendant, and the
trial court's judgment is void."). 
6. Coronado v. Norman, 111 S.W.3d 838, 841 (Tex. App.-Eastland 2003, pet. denied).
7. Ins. Co. v. Lejeune, 297 S.W.3d 254, 256 (Tex. 2009) (citing Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994) (per curiam)); Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); All
Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 726 (Tex. App.-Fort Worth 2003, no pet.). 
8. All Commercial Floors, 97 S.W.3d at 726. 
9. Wilson, 800 S.W.2d at 836 (citing Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884,
886 (Tex. 1985) (per curiam)); see also Furst, 176 S.W.3d at 869 (noting that party requesting service has
responsibility to ensure that proper service is accomplished and the record reflects proper service). 
10. All Commercial Floors, 97 S.W.3d at 725 (citing Wilson, 800 S.W.2d at 836-37). 
11. Tex. R. Civ. P. 107; All Commercial Floors, 97 S.W.3d at 726. 
12. Retail Techs., Inc. v. Palm City T.V., Inc., 791 S.W.2d 345, 347 (Tex. App.-Corpus Christi 1990,
no writ). 
13. See Tex. R. Civ. P. 107; Sw. Sec. Serv., Inc. v. Gamboa, 172 S.W.3d 90, 92 (Tex. App.-El Paso
2005, no pet.); Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 74 (Tex. App.-Waco 1997, writ denied);
see also Houston Precast, Inc. v. McAllen Constr., Inc., No. 13-07-135-CV, 2008 Tex. App. LEXIS 7129, at
*6 (Tex. App.-Corpus Christi Sept. 25, 2008, no pet.) (mem. op.); David H. Arrington Oil & Gas, Inc. v.
Coalson, No. 02-07-268-CV, 2008 Tex. App. LEXIS 1931, at *5 (Tex. App.-Fort Worth March 13, 2008, no
pet.) (mem. op.) (per curiam). 
14. See Houston Precast, Inc., 2008 Tex. App. LEXIS 7129, at *6-7 (citing Retail Techs., Inc.., 791
S.W.2d at 346-47); Coalson, 2008 Tex. App. LEXIS 1931, at *5. 
15. See Tex. R. App. P. 47.1.