

**NUMBER 13-10-00289-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DIANA DOMINGUEZ (ONE 1993 FORD**              **Appellant,**
**VIN # 1FTEX15N8PKB63084),**

**v.**

**THE STATE OF TEXAS,**                      **Appellee.**

---

**On appeal from the 347th District Court**
**of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion by Justice Garza**

In this restricted appeal, appellant, Diana Dominguez, appeals a default judgment rendered in favor of appellee, the State of Texas. By two issues and several sub-issues, appellant contends the trial court erred in granting the default judgment because: (1) service was fatally defective; and (2) the judgment relied on a cause of

action that was not pled.  We reverse and remand.

## I. BACKGROUND

In September 2009, the Corpus Christi police arrested Rogelio Vasquez for evading arrest or detention with a vehicle.  *See* TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2010).  The vehicle driven by Vasquez at the time of his arrest, a 1993 Ford with a vehicle identification number of 1FTEX15N8PKB63084, was registered to appellant.

On October 5, 2009, the State filed:  (1) an Original Petition and Notice of Seizure and Intended Forfeiture; and (2) a request that the Nueces County District Clerk perform service of process by certified mail.  The district clerk prepared the citation and mailed the citation and petition to appellant on October 9, 2010.  The record reflects that appellant signed the return receipt "green card" on October 14, 2009, and the clerk's office file-stamped the return receipt on October 15, 2009.

The State filed its motion for default judgment on December 2, 2009.  Without a hearing, the trial court entered a judgment forfeiting the vehicle on December 3, 2009.  Appellant filed a pro se answer on December 23, 2009, and on May 14, 2010, represented by counsel, filed this restricted appeal.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Appellant's claim of a defect in service of process is a challenge to the court's personal jurisdiction over her.  *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.] 2005, no pet.); *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.–San Antonio 2002, pet. denied) ("When the attempted service of process is invalid, the trial court acquires no in personam jurisdiction over the defendant, and the trial court's judgment is void."). Whether the court had personal jurisdiction over

2

Dominguez is a question of law. *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.–Eastland 2003, pet. denied). Our review in this restricted appeal is limited to error that appears on the face of the record. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006).

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand attack on appeal." *Ins. Co. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.–Fort Worth 2003, no pet.). Likewise, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *All Commercial Floors*, 97 S.W.3d at 726. Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Wilson*, 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)); *see also Furst*, 176 S.W.3d at 869 (noting that the party requesting service has the responsibility to ensure that proper service is accomplished and that the record reflects proper service). An appellant may raise defective service for the first time on appeal. *All Commercial Floors*, 97 S.W.3d at 725 (citing *Wilson*, 800 S.W.2d at 836-37).

### III.   DISCUSSION

By her first issue, appellant contends that service of process was fatally defective because the State failed to comply with rules of civil procedure 16, 103, 105 and 107. Specifically, appellant complains that: (1) the return of service does not state the date

3

and hour on which the clerk received citation, as required by rules 16 and 105, *see* TEX. R. CIV. P. 16, 105; (2) the return of service does not show the date and hour that process was served, as required by rules 16 and 107, *see id.* R. 16, 107; (3) the process server's signature does not appear on the return of service, as required by rule 107, *see id.* R. 107; (4) there is no verification of return of citation on or attached to the citation as required by rule 107, *see id.*; and (5) there is no file stamp on the citation or return of service establishing the date in which it was filed, and the record therefore cannot establish that the return of service was on file for ten days as required by rule 107, *see id.*

By her second issue, appellant contends that the judgment does not conform to the pleadings because the petition alleges that the vehicle was seized pursuant to Vasquez's arrest for evading arrest or detention with a vehicle, and the judgment states that the vehicle was seized pursuant to its use in the commission of a violation of chapter 481 of the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.001-.314 (Vernon 2010 & Supp. 2010).

Rule of civil procedure 107 provides, in pertinent part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

TEX. R. CIV. P. 107.

Here, the citation contains: (1) a typed "Certificate of Delivery of Mail," with a blank signature line; and (2) a section that states, "Attach Return Receipts With Addressee's Signature," followed by several blank lines. The following two pages

4

contain copies of the certified mail receipt and both sides of the "green card" return receipt. The "green card" bears a file stamp of the district clerk's office, which includes the date and time, and a signature of a deputy clerk. There is no completed officer's return.

The rule is firmly established in this state that even when service is by certified mail, return receipt requested, the officer's return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment. *See* TEX. R. CIV. P. 107; *see also Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.–Waco 1997, writ denied); *Bank of Am. v. Estate of Hill*, No. 06-10-053-CV, 2010 Tex. App. LEXIS 8770, at **7-8 (Tex. App.–Texarkana Nov. 3, 2010, no pet.) (mem. op.) (holding postal return receipt cannot substitute for completed officer's return); *GMAC v. Sepulveda*, No. 13-08-055-CV, 2010 Tex. App. LEXIS 1986, at *5 (Tex. App.–Corpus Christi March 18, 2010, no pet.) (mem. op.) (same); *Houston Precast, Inc. v. McAllen Constr., Inc.*, No. 13-07-135-CV, 2008 Tex. App. LEXIS 7129, at *6 (Tex. App.–Corpus Christi Sept. 25, 2008, no pet.) (mem. op.) (same); *David H. Arrington Oil & Gas, Inc. v. Coalson*, No. 02-07-268-CV, 2008 Tex. App. LEXIS 1931, at *5 (Tex. App.–Fort Worth March 13, 2008, no pet.) (mem. op.) (same).

Because the record shows on its face that no officer or authorized person executed the return of citation form, service was fatally defective. *See Laidlaw Waste*, 944 S.W.2d at 74 ("By using the postal return receipt in lieu of completing the return, the District Clerk's service of citation on Laidlaw failed to strictly comply with the Rules of Civil Procedure and will not support the default judgment."); *GMAC*, 2010 Tex. App. LEXIS 1986, at *6.

We sustain appellant's first issue. We need not consider her additional issue.
*See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the default judgment and remand this cause for further proceedings.


DORI CONTRERAS GARZA
Justice

Delivered and filed the
17th day of February, 2011.