NUMBER 13-10-00289-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 

 



DIANA
DOMINGUEZ (ONE 1993 FORD                                              Appellant,

VIN
# 1FTEX15N8PKB63084),

 

v.

 

THE
STATE OF TEXAS,                                                               Appellee.

 

 



On appeal from the 347th
District Court

of Nueces County,
Texas.

 

 



MEMORANDUM OPINION

 

Before Justices Garza,
Benavides, and Vela

Memorandum Opinion by
Justice Garza

 

            In this restricted appeal,
appellant, Diana Dominguez, appeals a default judgment rendered in favor of
appellee, the State of Texas.  By two issues and several sub-issues, appellant
contends the trial court erred in granting the default judgment because:  (1)
service was fatally defective; and (2) the judgment relied on a cause of action
that was not pled.  We reverse and remand.            

I. 
Background

In September 2009, the
Corpus Christi police arrested Rogelio Vasquez for evading arrest or detention
with a vehicle.  See Tex. Penal
Code Ann. § 38.04 (Vernon Supp. 2010).  The vehicle driven by Vasquez at
the time of his arrest, a 1993 Ford with a vehicle identification number of 1FTEX15N8PKB63084,
was registered to appellant.  

            On October 5, 2009, the State
filed:  (1) an Original Petition and Notice of Seizure and Intended Forfeiture;
and (2) a request that the Nueces County District Clerk perform service of
process by certified mail.  The district clerk prepared the citation and mailed
the citation and petition to appellant on October 9, 2010.  The record reflects
that appellant signed the return receipt “green card” on October 14, 2009, and
the clerk’s office file-stamped the return receipt on October 15, 2009.  

            The State filed its motion for
default judgment on December 2, 2009.  Without a hearing, the trial court
entered a judgment forfeiting the vehicle on December 3, 2009.  Appellant filed
a pro se answer on December 23, 2009, and on May 14, 2010, represented by
counsel, filed this restricted appeal.

II.  Standard of Review and
Applicable Law

            Appellant’s claim of a defect in
service of process is a challenge to the court's personal jurisdiction over
her.  Furst v. Smith, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.]
2005, no pet.); Benefit Planners v. Rencare, Ltd., 81 S.W.3d 855, 858
(Tex. App.–San Antonio 2002, pet. denied) ("When the attempted service of
process is invalid, the trial court acquires no in personam jurisdiction over
the defendant, and the trial court's judgment is void."). Whether the court
had personal jurisdiction over Dominguez is a question of law.  Coronado v.
Norman, 111 S.W.3d 838, 841 (Tex. App.–Eastland 2003, pet. denied).  Our
review in this restricted appeal is limited to error that appears on the face
of the record.  See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,
186 S.W.3d 571, 573 (Tex. 2006).

            "Strict compliance with the
rules governing service of citation is mandatory if a default judgment is to
withstand attack on appeal."  Ins. Co. v. Lejeune, 297 S.W.3d 254, 256
(Tex. 2009) (citing Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152
(Tex. 1994) (per curiam)); Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex.
1990); All Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723,
726 (Tex. App.–Fort Worth 2003, no pet.).  Likewise, there are no presumptions
in favor of valid issuance, service, and return of citation in the face of a
direct attack on a default judgment.  All Commercial Floors, 97 S.W.3d
at 726.  Failure to affirmatively demonstrate strict compliance with the rules
of civil procedure renders the attempted service of process invalid and of no
effect.  Wilson, 800 S.W.2d at 836 (citing Uvalde Country Club v.
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)); see
also Furst, 176 S.W.3d at 869 (noting that the party requesting service has
the responsibility to ensure that proper service is accomplished and that the
record reflects proper service).  An appellant may raise defective service for
the first time on appeal.  All Commercial Floors, 97 S.W.3d at 725
(citing Wilson, 800 S.W.2d at 836-37).  

III.          
Discussion

            By her first issue, appellant
contends that service of process was fatally defective because the State failed
to comply with rules of civil procedure 16, 103, 105 and 107.  Specifically,
appellant complains that:  (1) the return of service does not state the date
and hour on which the clerk received citation, as required by rules 16 and 105,
see Tex. R. Civ. P. 16, 105; (2)
the return of service does not show the date and hour that process was served, as
required by rules 16 and 107, see id. R. 16, 107; (3) the process
server’s signature does not appear on the return of service, as required by
rule 107, see id. R. 107; (4) there is no verification of return of
citation on or attached to the citation as required by rule 107, see id.;
and (5) there is no file stamp on the citation or return of service
establishing the date in which it was filed, and the record therefore cannot
establish that the return of service was on file for ten days as required by
rule 107, see id.  

            By
her second issue, appellant contends that the judgment does not conform to the
pleadings because the petition alleges that the vehicle was seized pursuant to
Vasquez’s arrest for evading arrest or detention with a vehicle, and the
judgment states that the vehicle was seized pursuant to its use in the
commission of a violation of chapter 481 of the health and safety code.  See
Tex. Health & Safety Code Ann.
§§ 481.001-.314 (Vernon 2010 & Supp. 2010).

            Rule of civil procedure 107
provides, in pertinent part:

The
return of the officer or authorized person executing the citation shall be
endorsed on or attached to the same; it shall state when the citation was
served and the manner of service and be signed by the officer officially or by
the authorized person.  The return of citation by an authorized person shall be
verified.  

 

Tex. R. Civ. P.
107.  

            Here, the citation contains:  (1)
a typed “Certificate of Delivery of Mail,” with a blank signature line; and (2)
a section that states, “Attach Return Receipts With Addressee’s Signature,”
followed by several blank lines.  The following two pages contain copies of the
certified mail receipt and both sides of the “green card” return receipt.  The
“green card” bears a file stamp of the district clerk’s office, which includes
the date and time, and a signature of a deputy clerk.  There is no completed
officer’s return.

            The rule is firmly established in
this state that even when service is by certified mail, return receipt
requested, the officer's return at the bottom of the citation must be filled
out and completed; a postal return receipt card alone will not support a
default judgment.  See Tex. R.
Civ. P. 107; see also Laidlaw Waste Sys., Inc. v. Wallace, 944
S.W.2d 72, 74 (Tex. App.–Waco 1997, writ denied); Bank of Am. v. Estate of
Hill, No. 06-10-053-CV, 2010 Tex. App. LEXIS 8770, at **7-8 (Tex.
App.–Texarkana Nov. 3, 2010, no pet.) (mem. op.) (holding postal return receipt
cannot substitute for completed officer’s return); GMAC v. Sepulveda,
No. 13-08-055-CV, 2010 Tex. App. LEXIS 1986, at *5 (Tex. App.–­­Corpus Christi
March 18, 2010, no pet.) (mem. op.) (same); Houston Precast, Inc. v. McAllen
Constr., Inc., No. 13-07-135-CV, 2008 Tex. App. LEXIS 7129, at *6 (Tex.
App.–­­Corpus Christi Sept. 25, 2008, no pet.) (mem. op.) (same); David H.
Arrington Oil & Gas, Inc. v. Coalson, No. 02-07-268-CV, 2008 Tex. App. LEXIS
1931, at *5 (Tex. App.–Fort Worth March 13, 2008, no pet.) (mem. op.) (same).

            Because the record shows on its
face that no officer or authorized person executed the return of citation form,
service was fatally defective.  See Laidlaw Waste, 944 S.W.2d at 74 (“By
using the postal return receipt in lieu of completing the return, the District
Clerk’s service of citation on Laidlaw failed to strictly comply with the Rules
of Civil Procedure and will not support the default judgment.”); GMAC,
2010 Tex. App. LEXIS 1986, at *6.  

            We sustain appellant’s first
issue.  We need not consider her additional issue.  See Tex. R. App. P. 47.1.   

IV. 
Conclusion

            We reverse the
default judgment and remand this cause for further proceedings.

 

                                                                                                DORI
CONTRERAS GARZA

                                                                                                Justice


 

Delivered
and filed the 

17th
day of February, 2011.