# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00422-CV

**Reliant Capital Solutions, LLC, Appellant**

**v.**

**Chiemeka Chuma-Okorafor, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-09-004207, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

In this restricted appeal, Reliant Capital Solutions, LLC (Reliant) seeks to overturn a no-answer default judgment in favor of Chimeka Chuma-Okorafor on causes of action arising out of debt collection practices used by Reliant. For the reasons stated herein, we reverse the judgment and remand the cause to the trial court for further proceedings.

## BACKGROUND

On December 11, 2009, Chuma-Okorafor filed an original petition against Reliant, a third party debt collection service provider. Chuma-Okorafor's suit was based on several causes of action, including claims for deceptive trade practices, invasion of privacy, and wrongful debt collection. Chuma-Okorafor sought to serve Reliant through its registered agent for service, CT Corporation Sytems.

On December 16, 2009, the citation was issued. The citation was addressed to "RELIANT CAPITAL SOLUTIONS LLC BY SERVING ITS REGISTERED AGENT, C T CORPORATION SYSTEM." The record reflects that the required documents were mailed by certified mail on January 19, 2010, to "CT Corporation Sys." The appellate record includes a photocopy of Postal Service Form 3800, titled "Certified Mail Receipt," and Postal Service Form 3811, titled "Domestic Return Receipt." The "Certified Mail Receipt" was addressed as follows:

CT Corporation Sys.
350 North St. Paul
Dallas, TX 75201

The receipt bears a postal service postmark of January 19, 2010, from Floresville, Texas. The "Domestic Return Receipt" contains the same address as the "Certified Mail Receipt." Section B of the "Domestic Return Receipt," headed "Received by (Print Name)," contains the stamped legend "Received CT CORPORATION." Section A, headed "Signature: Addressee or Agent," contains the stamped legend "JAN 21 2010." Section C, headed "Date of Delivery " is blank. The receipt contains no signature or handwriting other than the handwritten address.

After the United States Postal Service's return receipt had been returned to the District Clerk of Travis County and had been on file the required period of time without an answer having been filed by Reliant, Chuma-Okorafor moved for entry of a default judgment. The default judgment was granted January 18, 2011. Reliant did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal but perfected this restricted appeal on July 7, 2011. *See* Tex. R. App. P. 30.

2

## STANDARD OF REVIEW

A party filing a restricted appeal must demonstrate that (1) he appealed within six months after the judgment was rendered, (2) he was a party to the suit, (3) he did not participate in the actual trial of the case, and (4) error appears on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *see also Alexander v. Lydia's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (listing the elements of a restricted appeal). The only contested issue in this restricted appeal is the final element—whether there is error on the face of the record. The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991).

"For well over a century, [the supreme] court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Insurance Co. of State of Pa. v. Legune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting *Primate Constr., Inc. v. Silver*, 885 S.W.2d 151, 152 (Tex. 1994) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))); *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App.—Austin 2001, no pet.) (quoting *Primate Constr.*, 884 S.W.2d at 152). "'In order for a default judgment to withstand direct attack, strict compliance with the rules of civil procedure relating to the manner and mode of service of citation must appear on the face of the record.'" *Union Pac. Corp.*, 49 S.W.3d at 77 (quoting *Renaissance Park & Renaissance Park Apartments v. Davila*, 27 S.W.3d 252, 255 (Tex. App.—Austin 2000, no pet.)); *see Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex. 1973). This Court has no presumptions in favor of valid

issuance, service, and return of citation when it considers a restricted appeal. *Primate Constr.*, 884 S.W.2d at 152.

## DISCUSSION

In its first issue, Reliant contends that the trial court erred in entering a no-answer default judgment because service of citation was fatally defective due to a lack of the addressee's signature on the return. The record reflects that service and return of citation were attempted by certified mail, return receipt requested. *See* Tex. R. Civ. P. 106 (authorizing service through certified mail). Rule 107 of the Texas Rules of Civil Procedure requires that if service is accomplished by certified mail the return "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c); *see Union Pac. Corp.*, 49 S.W.3d at 79; *14.9 Grams of Methamphetamine v. State*, 28 S.W.3d 146, 148 (Tex. App—Texarkana 2000, no pet.); *JPMorgan Chase Bank, N.A. v. Tejas Asset Holdings, L.L.C.*, No. 05-11-00962-CV, 2012 Tex. App. LEXIS 7702, at *3 (Tex. App—Dallas Sept. 10, 2012, no. pet.) (mem. op.); *cf., e.g.*, *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) (no strict compliance where return of citation did not reflect authority of signator to accept service).

We conclude the appellate record in this case does not demonstrate strict compliance with the rules governing the issuance, service, and return of citation. This Court has previously stated that "a stamped *signature* may be sufficent if shown to be authorized by proof in the record." *See Union Pac. Corp.*, 49 S.W.3d at 79 (emphasis added). In *Union Pacific*, CT Corporation, the same defendant as in this case, used a stamp to mark the portion of the return receipt entitled "Signature: Addressee or Agent" with the legend "C.T. Corp. Systems" in block letters. *Id.* at 76.

4

This Court concluded that the return receipt did not bear the requisite addressee signature and because no evidence was presented in the record to authorize the use of a stamp instead of a signature, the return was fatally defective. *Id.* at 79. This defect created error on the face of the record. *Id.* Similarly, in this case, the return receipt does not contain a signature at all, nor does the record contain any evidence to permit the use of a stamp to effect service. As in *Union Pacific*, the lack of a signature on the receipt and the lack of evidence in the record to authorize a stamp as an alternative to a signature render the service on Reliant defective. *See id.*

Further, "although a corporation may act as the registered agent for another corporation, a corporation is not a person capable of accepting process and must be served through its agents." *Reed Elsevier v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (citing *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.)). "The record must show whether the person served was in fact such an agent for the corporation acting as the registered agent." *Id.* (citing *National Med. Enters. of Tex., Inc. v. Wedman*, 676 S.W.2d 712, 715 (Tex. App.—El Paso 1984, no writ). In this case, the return does not contain any signature. The return of citation merely contains the stamped name of the defendant. Thus, neither the return receipt nor the record indicates that a person with capacity to accept service was actually served. For these reasons, we find error on the face of the record. *See Union Pac. Corp.*, 49 S.W.3d at 79.

Due to this error in the record, the default judgment cannot stand. *See Primate Constr.*, 884 S.W.2d at 153 (holding that "proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise"). Thus, we

5

sustain Reliant's first issue. Because this issue is dispositive, we do not reach Reliant's remaining issues. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

Having concluded that there is error on the face of the record as to whether the service of citation was properly effected, we reverse the trial court's judgment and remand this cause for further proceedings.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed:   August 14, 2013

6