# NO. 12-11-00007-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY KEN NEEDHAM,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 294TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *CMC CITYSCAPE II, LTD., A TEXAS*<br>*LIMITED PARTNERSHIP,*<br>*APPELLEE* | *§* | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is an appeal from a default judgment. In two issues, Appellant, Rodney Ken Needham, contends that service of citation was fatally defective. We affirm.

### BACKGROUND

Appellant, Rodney Ken Needham, executed a security agreement granting Franklin Bank, S.S.S., a security interest in all inventory and equipment owned by Needham. Thereafter, Appellee, CMC Cityscape II, Ltd., became the successor in interest of the note.

On June 9, 2010, CMC filed a petition for suit on the note alleging that Needham defaulted in paying the note, and that the amount due was $12,478.30.

The deputy sheriff made four futile attempts to personally serve Needham. CMC's motion for alternative service dated July 23, 2010, states that "reasonably effective notice of the suit may be given to Rodney Ken Needham, by having any person authorized by Rule 106, Texas Rules of Civil Procedure, leave a true copy of the citation, with a petition attached, with anyone over sixteen years of age or by posting on the door at the location specified in the attached affidavit of Samuel D. Henson – Deputy Sheriff." The judge's order on the motion for alternative service states the following method of service was to be utilized: "by leaving a copy

of the citation with pleadings and orders attached at: 491 CR 4126, Canton, Van Zandt County, Texas 75103 with anyone over sixteen years of age or by posting on the door at that address." The return of service made by the deputy sheriff recites "alternate process to the residence main entry of Rodney Needham" on August 27, 2010. The deputy sheriff's return was not verified.

On October 14, 2010, the trial court granted CMC a default judgment. Needham filed a motion for new trial alleging invalid service. After hearing, the motion was overruled by operation of law.

## VALIDITY OF SERVICE

In two issues, Needham contends that service of citation was fatally defective.

### Standard of Review

A trial court may authorize substituted service only after a proper affidavit is filed that states specifically the facts showing that service has been attempted. TEX. R. CIV. P. 106(b). "In reviewing the affidavit, the trial court is not making factual determinations, but, instead, is applying the law to the facts in the affidavit." *Coronado v. Norman*, 111 S.W.3d 838, 841-42 (Tex. App.–Eastland 2003, pet. denied). The sufficiency of the affidavit to support substituted service is a question of law, which we review de novo. *Id*. at 841.

### Applicable Law

There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Strict compliance with the rules for service of citation must affirmatively appear in the record in order for default judgment to withstand direct attack. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). "Failure to comply with these rules constitutes error on the face of the record." *Id*. at 256.

Rule 106 governs the methods of service required under various circumstances.

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

2

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

    (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

    (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

Substitute service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient. **Wilson v. Dunn**, 800 S.W.2d 833, 836 (Tex. 1990). The affidavit should describe with some specificity the diligence used in attempting to serve the defendant. *See, e.g.,* **Lewis v. Ramirez**, 49 S.W.3d 561, 565 (Tex. App.–Corpus Christi 2001, no pet.) (citing a number of Texas cases that have addressed the specificity requirement).

## Discussion

Needham in his first issue contends the deputy sheriff's affidavit in support of alternative service does not state facts sufficient to show the impracticality of personal service. Needham faults the deputy for attempting to serve him only at his home and only during the morning. He also argues that the posting of citation on his front door was not reasonably calculated to give him actual notice.

The affidavit of Deputy Samuel Henson filed in support of the motion for alternative service sets forth the specific dates and times he attempted to serve Needham as follows:

> 6/15/2010 10:16AM Deputy was unable to make contact with resident at the service address. Deputy left a card secured to residence main entry identifying the Deputy, Deputies Agency, and telephone number where the Deputy could be contacted.
>
> 6/21/2010 7:52AM Deputy made contact with Rodney Needham's spouse, who advised that Needham was "out of town" for four or five days. Deputy left a card identifying the Deputy, Deputies Agency, and the telephone number where the Deputy could be contacted with Needham's spouse.
>
> 6/25/2010 10:53AM Deputy made contact with Shelby Doesher, resident, who advised Deputy that Needham was currently at work.
>
> 7/21/2010 7:34AM Deputy made contact with resident, John Holley, who identified himself as Needham's son. Holley advised the Deputy that Needham was currently in Oklahoma.

The affidavit recites with particularity the date, the time, and the place where the deputy attempted service. It also states the family members and other residents he met there, and what they related about Needham's whereabouts. No one was at the residence the first time Deputy Henson tried to serve Needham. On two of the three remaining attempts, Needham was out of town. Needham complains that Deputy Henson made no effort to serve him at his place of employment. "Rule 106 does not require that personal service be attempted at multiple locations before the trial court may authorize substituted service. . . ." *James v. Comm'n For Lawyer Discipline*, 310 S.W.3d 586, 591 (Tex. App.–Dallas 2010, no pet.). We conclude the affidavit states facts showing the four attempts at personal service with sufficient specificity to demonstrate the necessity for substituted service under Texas Rule of Civil Procedure 106(b), and that the manner of service authorized would be reasonably effective to give Needham notice of the suit.

In his second issue, Needham maintains that service of citation was invalid, because the return of service was not verified as required by Texas Rule of Civil Procedure 107. Rule 107 requires a return to be verified when it is served by an authorized person. This verification requirement does not apply to officers. *14.9 Grams of Methamphetamine v. State*, 28 S.W.3d 146, 148 (Tex. App.–Texarkana 2000, no pet.). Samuel D. Henson, Deputy Sheriff, an "officer," served Needham and properly executed the return. Needham's second issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

## BILL BASS
Justice

Opinion delivered May 25, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4