MARTIN CREWS V. A. K. TAYLOR.

(Case No. ——.)

1. COUNTY CLERK — RIGHT OF ACTION AGAINST.— The statutory provision giving a right of action against the county clerk and his sureties, for failure to record and index certain instruments, applies to the parties interested in the instrument and entitled to have it recorded.

2. SAME — REMEDY OF THIRD PARTIES.— On general principles, third parties damaged by the neglect of the clerk have a right of action on his bond.

3. RECORD OF DEED — NOTICE.— The record of a deed reciting a consideration of $1,500 paid and secured is notice of the unpaid purchase money, and that *prima facie* a vendor's lien exists for its payment.

4. MORTGAGE — DEPOSIT OF — NOTICE.— Where there was also a mortgage for the unpaid purchase money, the deposit of that mortgage for record, though the clerk failed either to index or record it, was constructive notice.

5. PRECEDENCE OF PURCHASE MONEY LIEN.— It seems that a party lending money under these circumstances, on the security of a mortgage on the same land, and suffering loss by reason of the unpaid balance of the purchase money having precedence, is injured by his own fault.

6. CONTRIBUTORY NEGLIGENCE.— At all events, such party making no inquiry of the clerk for an index book or for instruments filed and not recorded, and making no inquiry of the vendor as to his claim, is guilty of negligence contributing to his injury, and cannot recover for the failure of the clerk to index and record the mortgage.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit by appellant Crews against Taylor and the sureties on his official bond as clerk of the district court of Harris county, on March 20, 1873, to recover $1,249.46 and interest as damages resulting to Crews on account of the negligence of Taylor as such clerk. The case as presented by the record was in substance this: On the 16th day of May, 1870, Richardson purchased of Buckholtz the land described in the petition for $1,500,— paid $500 cash and gave his note for $1,000. The deed recited that "in consideration of the sum of fifteen hundred gold dollars to me paid and secured by Joseph A. Richardson." A mortgage was executed at the same time by Richardson to Buckholtz, on the land, to secure the note. The deed and mortgage were both acknowledged and deposited in Taylor's office on said 16th day of May, 1870, and the recording fees were then paid, and the deed was recorded the same day. The clerk did not keep a file book, but the mortgage was filed the same day, but was not re-

corded until after the 20th of July, 1870. On the last named date Richardson applied to Crews for a loan of $6,000, proposing to secure the same by a deed of trust on the land. Crews had his attorney examine the records of Harris county; the deed from Buckholtz to Richardson was seen and examined by the attorney, but the mortgage was not seen, and no inquiry was made by the attorney for any file book, or for instruments filed but not recorded. Upon the advice of the attorney, the loan was made and the deed of trust was taken. Subsequently Buckholtz brought suit on the note and mortgage and obtained judgment for the amount and a decree foreclosing his lien. Crews to protect himself was forced to pay off the amount of that judgment.

The defense was that the record of the deed gave full notice of Buckholtz's claim, contributory negligence upon the part of Crews, and that the property purchased by appellant under his deed of trust was of greater value than both notes, etc.

The case was tried April 23, 1874, and resulted in a verdict and judgment in favor of the defendant, from which this appeal was taken.

*Wm. H. Crane* and *Baker & Botts,* for appellant.

I. The clerk was a public officer, whose duties were defined by law, of which he was bound to take notice, and to the performance of which he was strictly bound. Pasch. Dig., art. 5012, bound him to keep a file index, and Pasch. Dig., art. 5013, bound him to record instruments filed with him without delay. His failure to do so was negligence, and any party damaged by such negligence would have a right of action for his breach of duty. Wharton on Neg., secs. 285, 297.

The appellee, as clerk, therefore, cannot avail himself of any doctrine or question of notice, and the rule of innocent purchase cannot apply to him as a public officer

charged with the performance of specific acts and duties for the protection of others. Nor can he avail himself of any alleged negligence of Crews. He was first negligent in failing to index and record the mortgage from Richardson to Buckholtz, as required by law, and he cannot excuse himself because of any alleged subsequent negligence of Crews. Shear. & Red. on Neg., p. 36, sec. 32.

Clearly, we think, the section must mean the party injured, and not alone the party filing such instrument. If the instrument had been filed for record, under sec. 5014, Pasch. Dig., it becomes a record from that time, and the failure of the clerk to spread it upon record, or file-index it, cannot destroy it as a record, and the party filing it cannot be seriously injured, because the law makes it a record from the time of its deposit with the clerk for record. Pasch. Dig., arts. 5014, 5015; Throckmorton v. Price, 28 Tex., 609. We say, therefore, that the act in question must mean the party injured. Such a construction would be rational, and in accordance with the context and spirit of the statute.

*Winch & Schaefer* and *Crosby & Hill*, for appellee

WATTS, J. COM. APP.— When the mortgage from Richardson to Buckholtz was acknowledged and filed with the clerk for record, the statute required him to enter the same in a file book, to be provided for that purpose. Pasch. Dig., art. 5012. Also the clerk was required without delay to record the same, in the order, as to time, when it was deposited with him. Pasch. Dig., art. 5013.

As shown by the evidence, the mortgage was acknowledged and filed with the clerk May 16, 1870; there was no file book kept in the office, nor was the mortgage entered of record July 20, 1870, when Crews made the loan to Richardson, and accepted the trust deed to Phillips upon the land to secure the same.

It is claimed by Crews that he was damaged by reason of this negligence upon the part of the clerk in the sum of $1,249, and he brings this suit upon his official bond to recover such damages.

The position that art. 5018 of Paschal's Digest gives a right of action to any person injured by the negligence of the clerk, in the particulars mentioned, is not sound. The language conferring the right is as follows: "And shall also be liable to the party for all damages he may have sustained thereby, to be recovered by suit on the official bond of such recorder, given by him as clerk of the county court, against such clerk and his sureties." From a consideration of this clause together with the entire article, the undoubted intention was to confer the right of action upon the party who was interested in, and who had a right to have the instrument recorded; and that it was not intended thereby to extend that right to third parties who might be injured by reason of the negligence of the clerk. As to such third parties who might be damaged by reason of the negligence of the clerk as such, a right of action exists upon the general principles of law independent of statute. Besides, it would seem that a right of action upon the official bond of the clerk was given by statute to *any* person injured by a breach of the same. Pasch. Dig., arts. 500, 1240.

Undoubtedly if the clerk was negligent in the discharge of his official duties, and Crews, without fault upon his part, was injured thereby, he would have a right of action upon the official bond for the damages sustained by such negligence.

The gist of the action here is that the clerk failed to enter the mortgage upon a file book, and also failed to spread the same upon the record and note it in the index; that by reason of this negligence, Crews, after examining the records, failed to find any such mortgage, and was thereby misled and induced to believe that Richardson's

title to the property was good, and that the same was free from incumbrance. That, being thus deceived, he made the loan to Richardson, relying upon the land, but to protect himself he was afterwards compelled to pay off the Buckholtz debt, the amount of which with interest he seeks to recover as damages.

Now, if the mortgage had been spread upon the record, and had been seen by the attorney of Crews, it would have given him notice, actual and constructive, of the fact that a portion of the purchase money for the land was unpaid by Richardson, and that it constituted a lien thereon. That actual and constructive notice of a fact are equivalent each with the other, and that one receives no additional force or strength by means of the existence of the other, are propositions of law that will not admit of question.

As a matter of law the depositing of the mortgage with the clerk for record, from that time constituted constructive notice of its contents to all persons; and if by reason of the negligence of the clerk in the particulars complained of, Crews was deprived of the information of the fact that such mortgage had been deposited with him for record, then ordinarily he would be entitled to recover of the clerk and his sureties the damages resulting from such negligence, unless it appears that the appellant was otherwise legally chargeable with a knowledge of the existence of the adverse claim and lien.

It is admitted that the deed from Buckholtz to Richardson was on record at the time Crews' attorney made the examination, and that he, as a matter of fact, saw and examined the same. That deed recited that it was made "in consideration of the sum of fifteen hundred gold dollars to me paid and secured by Joseph A. Richardson." This record, as a matter of law, gave notice to Crews that a portion of the purchase money was unpaid, and that *prima facie* the vendor's lien existed upon the

land in behalf of Buckholtz. Willis *v.* Gay, 48 Tex., 469; Ellis *v.* Singletary, 45 Tex., 27; Robertson *v.* Guerin, 50 Tex., 323.

Admitting that the law charged Crews with notice of such facts by reason of the registration of this deed, then it surely follows that the record of the mortgage would have given notice of the same facts, which, in contemplation of law, he then had; that is, that Richardson owed Buckholtz part of the purchase money for the land, and that it constituted a lien on the land superior to any that he might obtain from Richardson.

In contemplation of law he knew these facts at the time he made the loan to Richardson; hence it would follow that whatever injury he sustained in that particular is chargeable to his own fault and not to the negligence of the clerk.

But if we should concede that the law is otherwise, when, as shown by the evidence, the mortgage was deposited with the clerk for record, from thence constructive notice of the same results just as though it had been spread upon the record. When the attorney of plaintiff went to the clerk's office to examine with reference to Richardson's title, he did not inquire of the clerk for the file book, nor for instruments filed and not recorded; nor does it appear that the clerk knew that he was making an examination with reference to that land; but the attorney contented himself with simply examining the record and indexes. The record of the deed gave him notice of the existence of Buckholtz's claim, and the evidence shows that the latter lived but a short distance from the court house; also that an inquiry of him would have resulted in full information respecting the whole matter.

Now, admitting that the clerk might have acted negligently in failing to record the mortgage, still it must be conceded that Crews was equally negligent in failing to

inquire of the clerk for instruments filed and not recorded; and also in failing to make inquiry of Buckholtz, who is shown to have resided in the same city.

It may be stated as a general rule, that when the parties are both guilty of negligence neither can recover of the other damages resulting from such negligence.   That is, if the negligence of a party materially contributed to an injury, then he cannot recover of others on the ground of their negligence.   Shearman & Redfield on Negligence, sec. 32 and notes; The Law of Damages by Field, sec. 171.

From the evidence in this case, it clearly appears that the negligence of Crews, if not the prime cause of the injury, certainly materially contributed to it.

The supposed errors in the rulings and charges of the court, in regard to the value of the land, in the view we take of this case, must be considered as immaterial, and could not vary the result.

The judgment ought to be affirmed

AFFIRMED.