

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00463-CV

———————————————

LATTER AND BLUM OF TEXAS, LLC D/B/A REALTY ASSOCIATES,
Appellant

V.

PAUL MURPHY, Appellee

---

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2016-000685-2

---

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Latter and Blum of Texas, LLC appeals from the trial court's default judgment in favor of appellee Paul Murphy. In a single issue, Latter and Blum contends the trial court abused its discretion by allowing its motion for new trial to be overruled by operation of law. We reverse the trial court's judgment as to Latter and Blum only and remand for further proceedings.

## I. BACKGROUND

On February 2, 2016, Murphy filed a lawsuit against Jason Light, individually and d/b/a/ The Light Realty Group and Allstar Locators (Light), and Latter and Blum. Murphy's petition directed that process be served upon Latter and Blum via certified mail, return receipt requested, addressed to its registered agent, Peter Merritt. *See* Tex. R. Civ. P. 99(a), 106(a)(2). The trial court clerk did so on February 9, 2016. But although the trial court clerk addressed the citation to Merritt, the return receipt does not bear his signature; rather, it bears the signature of someone whose first name is Amanda.

On March 7, 2016, attorney Gregg Clements filed an answer on behalf of both Light and Latter and Blum, generally denying the allegations in Murphy's petition.[1]

---

[1]The answer Clements filed stated that it was filed on behalf of "Jason Light, Individually and d/b/a The Realty Group and Allstar Locators and Latter & Blum of Texas, L.L.C.," and the signature block stated that Clements was "[a]ttorney for Defendant Jason Light, Individually and d/b/a/ The Realty Group and Allstar Locators and Latter & Blum of Texas, L.L.C."

The trial court set the case for trial on August 8, 2017, but when it called the case that day, no one appeared on Light's or Latter and Blum's behalf. The trial court proceeded to try the case in the defendants' absence and rendered judgment against them jointly and severally, awarding Murphy $30,769.50 in actual damages, $61,539 in exemplary damages, and $6,053.22 in attorney's fees. The trial court signed its judgment the same day.

On November 8, 2017, Latter and Blum filed a combined rule 306a motion to extend postjudgment deadlines and motion for new trial. Relevant to the rule 306a motion, Latter and Blum alleged that neither it nor its counsel had received notice, or acquired actual knowledge, of the trial court's default judgment until November 1, 2017. Latter and Blum further maintained that because the first time it or its attorney learned of the default judgment was more than twenty, but less than ninety-one, days after the trial court signed the judgment on August 8, 2017, its deadline to file a motion for new trial should be calculated from November 1, 2017, the date it first learned of the judgment. *See* Tex. R. Civ. P. 306a(4). According to Latter and Blum, if its postjudgment deadlines were calculated from that date, its motion for new trial was timely. Latter and Blum also asked the trial court to hold a hearing to determine the date it received actual notice of the default judgment.

With respect to its motion for new trial, Latter and Blum asserted that it was entitled to a new trial because it had not been served with process in accordance with the rules of civil procedure. That was so, according to Latter and Blum, because

3

Merritt was its registered agent and the trial court clerk had addressed the citation to Latter and Blum through Merritt as registered agent, but Merritt's signature was not reflected on the return receipt. Instead, Amanda had signed the return receipt, and according to Latter and Blum, she was not authorized to accept service for it. Further, while acknowledging that Clements had filed an answer purportedly on its behalf, Latter and Blum maintained that he had erroneously done so, alleging that it had never hired Clements to represent it in this suit, that Clements had no authority to act on its behalf, and that Clements had only intended to answer on Light's behalf. Latter and Blum also alleged it was entitled to a new trial because it did not receive notice of the trial setting.

Latter and Blum requested the trial court to set its motions for hearing, and the trial court did so, setting the hearing for December 4, 2017. The trial court held the hearing as scheduled[2] but decided to continue it at Murphy's request so the parties could provide briefing on whether Murphy was entitled to conduct discovery in connection with the motions before the trial court made any rulings or findings. The trial court requested the parties to provide the briefing by December 14, 2017.

---

[2]The court reporter did not make a record of the hearing. We note that the trial court's docket sheet indicates that it held the hearing on December 1, 2017, but that date appears to be a typo, and other portions of the record reflect that the trial court actually held the hearing on December 4, 2017, the date it had scheduled the hearing to take place. Accordingly, we refer to this hearing as the December 4, 2017 hearing.

4

Murphy complied with that request, but Latter and Blum did not. Instead, on December 27, 2017, Latter and Blum filed a notice of appeal.[3]

On January 2, 2018, we notified Latter and Blum that we were concerned that we lacked jurisdiction over this appeal because it appeared its notice of appeal was untimely filed. Six days later, Latter and Blum responded, asserting that its notice of appeal was timely under rule of appellate procedure 4.2, which extends the window of time a party has to file a notice of appeal in cases where it did not receive timely notice of the trial court's judgment. *See* Tex. R. App. P. 4.2. Specifically, for the same reasons it had alleged in its rule 306a motion in the trial court, Latter and Blum asserted that it did not learn of the trial court's default judgment until November 1, 2017, and that consequently, its motion for new trial was timely. For those reasons, Latter and Blum stated, it had ninety days from November 1, 2017, to file its notice of appeal. *See* Tex. R. App. P. 4.2(a)(1), 26.1(a)(1).

But Latter and Blum did not provide us with a signed, written order from the trial court finding the date Latter and Blum or its attorney first learned of the trial court's judgment. *See* Tex. R. App. P. 4.2(c). The record shows that as of the time of Latter and Blum's January 8, 2018 response, the trial court still had not made such a

---

[3]As we discuss below, Latter and Blum attached to its motions an affidavit from Clements. In his affidavit, Clements admitted that he represented Light in this case, that he had answered on behalf of Light, and that he had intended to answer only on Light's behalf. Light did not appeal from the trial court's judgment against him. Consequently, no portion of the trial court's judgment against Light is at issue in this appeal.

finding. On January 30, 2018, we notified Latter and Blum that a signed, written order was necessary for its notice-of-appeal deadline to be extended under rule 4.2. *See id.*

The next day, Latter and Blum filed a motion in the trial court asking it to make a written finding as to when it or its attorney first learned of the trial court's judgment. On February 7, 2018, the trial court held a hearing but expressly declined to make any rulings or findings at that time.[4] The next day, Latter and Blum notified us that the trial court had held a hearing but had not signed an order making the date-of-notice finding. When we did not receive such an order by March 15, 2018, we abated this case to the trial court and instructed it to sign one. On April 5, 2018, the trial court finally did so, finding the date Latter and Blum or its counsel first learned of the default judgment was November 1, 2017. When we received that order, we reinstated this appeal.

In its sole issue, Latter and Blum contends the trial court abused its discretion by allowing its motion for new trial to be overruled by operation of law.

---

[4]At the end of the hearing, the trial court stated, "Like I said, I'm not going to make a finding today." The transcript of the hearing indicates there was confusion between the parties and the trial court as to the purpose of the February 7, 2018 hearing. Latter and Blum asserted the only matter before the trial court at the hearing was its motion asking the trial court to find when it first learned of the trial court's judgment. The trial court, however, appears to have thought it was resuming, and had to resume, the December 4, 2017 hearing relating to whether Murphy was entitled to conduct discovery in connection with Latter and Blum's postjudgment motions before it could make the date-of-notice finding Latter and Blum was requesting.

## II. JURISDICTION

Neither party raised jurisdiction in their respective briefs, but the unique facts of this case necessitate that we determine our jurisdiction over this appeal before proceeding to the merits.[5] *See In re M.K.*, 514 S.W.3d 369, 376 (Tex. App.—Fort Worth 2017, no pet.) (noting that appellate courts are obliged to consider jurisdictional issues sua sponte when not raised by the parties). We begin our jurisdictional inquiry by setting forth the law, as applicable to the facts of this case, that governs determinations of whether a party's notice of appeal has been timely filed.

### A. LAW GOVERNING TIMELINESS OF A NOTICE OF APPEAL

A party invokes this court's jurisdiction by timely filing a notice of appeal. *See* Tex. R. App. P. 25.1(b), 26.1; *Gutierrez v. Stewart Title Co.*, 550 S.W.3d 304, 309 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (noting appellate court lacks jurisdiction absent a timely-filed notice of appeal). The general rule, applied to the facts of this case, is that to be timely, a party must file its notice of appeal within thirty days after the trial court signs its final judgment unless the party timely filed a motion for new trial in the trial court, in which case the party must file its notice of appeal within ninety days after the judgment was signed. Tex. R. App. P. 26.1(a); *In re K.L.L.*, 506 S.W.3d 558, 559 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

---

[5]We notified the parties of our jurisdictional concerns and requested they provide supplemental briefing addressing them. The parties did so.

But rule of appellate procedure 4.2 provides an exception to the general rule and affords a party additional time to file a notice of appeal in certain circumstances. *See* Tex. R. App. P. 4.2(a)(1). Rule 4.2 applies when a party neither received notice from the trial court clerk that the judgment was signed nor acquired actual knowledge of the judgment's signing within twenty days after the judgment was signed but did learn that the judgment was signed within ninety days after its signing. *See* Tex. R. App. P. 4.2(a); Tex. R. Civ. P. 306a(3); *see also Florance v. State*, 352 S.W.3d 867, 872 (Tex. App.—Dallas 2011, no pet.) (explaining in appeal from trial court's dismissal of appellant's bill of review that to obtain additional time to file a notice of appeal under rule 4.2, a party must show that it first learned of the judgment more than twenty but less than ninety-one days after it was signed). If rule 4.2 applies, then the party's deadline to file its notice of appeal runs from the earlier of the date the party received notice or acquired actual knowledge that the judgment was signed, rather than from the date the trial court signed the judgment, as under the general rule. Tex. R. App. P. 4.2(a)(1); *LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

To gain additional time to file a notice of appeal under rule 4.2, a party must comply with rule of civil procedure 306a(5). Tex. R. App. P. 4.2(b); *see Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 81 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Rule 306a(5) requires the party to "prove in the trial court, on sworn motion and notice, the date on which the party or his

8

attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). This rule does not require the trial court to sign a written order finding the date a party first received notice, or acquired actual knowledge, of the judgment. *See id.*; *In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (orig. proceeding). But rule 4.2 does, and the deadline to file a notice of appeal may not be extended absent such an order. *See* Tex. R. App. P. 4.2(c); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.).

In most cases, as here, the trial court's plenary power will have already expired by the time a party files a motion under rule 306a(5). *See Wells Fargo Bank, Nat'l Ass'n v. Erickson*, 267 S.W.3d 139, 148 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). Thus, Texas courts have long stated that the purpose of a sworn motion under rule 306a(5) is to establish a prima facie case that the party lacked timely notice of the trial court's judgment in order to revive the trial court's expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or its counsel first received notice, or acquired knowledge, of the judgment. *See Lynd Co.*, 195 S.W.3d at 685; *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex. App.—El Paso 1993, orig. proceeding) (op. on reh'g).

A rule 306a(5) motion must be filed during the trial court's plenary power, which for purposes of such a motion is measured from the date the movant asserts it first learned of the trial court's judgment. *See Lynd Co.*, 195 S.W.3d at 685; *Goodwill v.*

9

*Tex. A&M Univ. Med. Ctr.*, No. 03-04-00255-CV, 2004 WL 1469353, at *1 (Tex. App.—Austin July 1, 2004, no pet.) (mem. op.). And a trial court's revived plenary power in a rule 306a(5) context may be extended by the same means as in cases where a party has received timely notice of a judgment, i.e., by filing a plenary-power-extending motion under rule of civil procedure 329b. *See, e.g.*, *In re A.J.G.*, No. 05-14-01469-CV, 2015 WL 1568579, at *2 (Tex. App.—Dallas Apr. 7, 2015, pet. denied) (mem. op.) (noting that had appellant timely filed his rule 306a motion, the trial court's plenary power would have commenced on the date appellant asserted he first learned of the trial court's judgment and that under rule 329b, appellant's motion for new trial would have extended that revived period of plenary power to a maximum of 105 days after that date).

## B. EVIDENCE ATTACHED TO LATTER AND BLUM'S MOTIONS

Latter and Blum attached affidavits from Clements and Merritt to its rule 306a(5) motion. In his affidavit, Clements averred that Light had hired him to represent Light in this lawsuit and that Latter and Blum had not hired him to represent it in this case. Clements further stated that he had never had any contact with Latter and Blum or Merritt, who Clements acknowledged was Latter and Blum's registered agent. Clements said that when he filed the answer in this case, he was answering, and intended to answer, for Light only and that the statement in the answer that he was also answering on behalf of Latter and Blum was an error.

10

Clements asserted that he never intended to answer on Latter and Blum's behalf and that he had no authority to act on Latter and Blum's behalf.

Merritt confirmed in his affidavit that he was Latter and Blum's registered agent at all times relevant to this case and was the person who was authorized to accept service of process for Latter and Blum. Merritt averred that he had never received service of process in this suit. He stated that the first time he had become aware that the citation and petition in this case had been mailed to him via certified mail, return receipt requested, was on November 3, 2017. Merritt said that he never received those documents, that he did not sign a certified return receipt for them, and that if someone else did accept service and sign a return receipt, that individual was not authorized to do so. Merritt also stated that if someone else did accept service, that person did not forward the citation and petition to him.

Merritt also said that Latter and Blum had never hired Clements in any capacity to act on its behalf and that Clements had no authority to answer on Latter and Blum's behalf in this lawsuit. Merritt further averred that Latter and Blum never received notice of the trial setting in this case. Finally, Merritt stated that Latter and Blum never received notice or a copy of the default judgment and that the first time Latter and Blum learned of that judgment was November 1, 2017.

### C. JURISDICTIONAL ANALYSIS

Taken together, Clements's and Merritt's affidavits set out a prima facie case that neither Latter and Blum nor its counsel learned that the trial court had signed the

11

default judgment until November 1, 2017. This was eighty-five days after the judgment was signed, and thus Latter and Blum's rule 306a motion was both timely and sufficient to revive the trial court's jurisdiction for the limited purpose of holding an evidentiary hearing and determining the date that Latter and Blum or its counsel first learned that the judgment was signed. *See* Tex. R. Civ. P. 306a(4); *Lynd Co.*, 195 S.W.3d at 684–85, 684 n.2.

Additionally, based on Latter and Blum's rule 306a motion, the trial court's plenary power in this case is measured from November 1, 2017, the date Latter and Blum asserted it first learned of the trial court's judgment. *See Lynd Co.*, 195 S.W.3d at 685; *Goodwill*, 2004 WL 1469353, at *1. A trial court's plenary power extends for at least 105 days after the date its plenary power commences. *See* Tex. R. Civ. P. 329b(c) (providing that a plenary-power-extending motion is overruled by operation of law seventy-five days after the judgment is signed if the trial court has not ruled on the motion), 329b(e), (g) (providing that a trial court has plenary power for thirty days after all timely-filed plenary-power-extending motions are overruled). Here, the trial court did not rule on Latter and Blum's rule 306a motion until it signed its April 5, 2018 order finding that neither Latter and Blum nor its counsel learned of the trial court's judgment until November 1, 2017. Thus, the trial court made its date-of-notice determination and signed the corresponding order 155 days after the date of notice alleged in Latter and Blum's rule 306a motion, which was well after the trial

12

court's revived plenary power had expired, even assuming its revived plenary power was extended to the maximum.

In light of a line of Texas cases, the fact that the trial court did not sign the order finding the date Latter and Blum first learned of the judgment until after its revived plenary power expired presents a jurisdictional issue that we must consider. Typically, judicial action taken after the trial court's plenary power has expired is void. *In re Tex. Dep't of Family & Protective Servs.*, 415 S.W.3d 522, 529 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding). Several Texas appellate courts have applied this rule in a rule 306a context, reasoning that a trial court lacks jurisdiction to rule on a rule 306a motion after its revived plenary power has expired. *See Wells Fargo*, 267 S.W.3d at 148 (noting that a rule 306a motion must be filed *and ruled upon* before the trial court's revived plenary power expires); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (dismissing appeal for want of jurisdiction, holding that because the trial court's revived plenary power had expired when it signed the order finding the date of notice, that order was void); *Grondona v. Sutton*, 991 S.W.2d 90, 91–92 (Tex. App.—Austin 1998, pet. denied) (concluding that order overruling appellant's rule 306a motion was void where trial court heard motion and signed order after its revived plenary power had expired); *cf. A.J.G.*, 2015 WL 1568579, at *2 (noting that if appellant had properly invoked rule 306a, the trial court's power to rule on appellant's rule 306a motion would have expired 105 days after the date of notice alleged in the motion where

13

appellant had also filed a motion for new trial within thirty days of the alleged date of notice). Accordingly, under the reasoning of these cases, the trial court's April 5, 2018 order here was void, the default rule governing the timeframe for filing a notice of appeal applies, and consequently, Latter and Blum's notice of appeal, filed 141 days after the trial court's default judgment was signed, would be untimely. *See* Tex. R. App. P. 26.1; *Moore Landrey*, 126 S.W.3d at 543; *cf. A.J.G.*, 2015 WL 1568579, at *2.

However, in a recent decision, the Austin court of appeals held that a trial court has jurisdiction to rule on a rule 306a motion and sign an order making a finding as to the date a party first learned of a judgment even after its plenary power, as revived by the appellant's rule 306a motion, has expired. *See Johnson Cty. Special Util. Dist. v. Pub. Util. Comm'n of Tex.*, No. 03-17-00160-CV, 2018 WL 2170259, at *4–6, *5 n.6 (Tex. App.—Austin May 11, 2018, pet. filed) (mem. op.). In that case, the appellant filed its rule 306a motion and notice of appeal within thirty days after the date it alleged it first learned of the judgment. *Id.* at *5. The appellant also requested a hearing on that motion within thirty days after the alleged date of notice, but the hearing was set for a date that fell outside the trial court's plenary power as revived by the rule 306a motion. *Id.* Consequently, the trial court did not hold the hearing, rule on the motion, or sign an order finding the date of notice until after its revived plenary power had expired. *Id.* The appellate court nevertheless held the order was not void and was effective to extend the appellant's notice-of-appeal deadline under rule 4.2. *Id.* at *6. For the following reasons, we agree with that holding.

14

First, we turn to the text of the applicable rules. In order to gain additional time to file a notice of appeal due to lack of timely notice of a judgment, appellate rule 4.2 requires a party to comply with rule of civil procedure 306a(5). *See* Tex. R. App. P. 4.2(b). Rule 4.2 also requires the party to obtain a signed, written order from the trial court finding the date the party or its attorney first learned of the judgment. Tex. R. App. P. 4.2(c); *Nedd-Johnson*, 338 S.W.3d at 613. But rule 4.2 does not merely require the party to obtain such an order; it expressly requires the trial court to sign one. Tex. R. App. P. 4.2(c) (providing that "[a]fter a hearing, the trial court *must* sign a written order" finding the date of notice (emphasis added)); *see Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (noting the mandatory language of rule 4.2(c)'s predecessor and granting mandamus relief where trial court refused to hold a hearing on relator's motion seeking a finding under that rule). Nothing in the text of rule 4.2 imposes an expiration date on a trial court's authority to sign the written order making the finding rule 4.2(c) requires it to make. *See* Tex. R. App. P. 4.2. And while rule 4.2 requires a party to follow the procedure set forth in rule 306a(5), nothing in the text of that rule prescribes a deadline on the trial court's authority to sign the order finding the date of notice. *See* Tex. R. Civ. P. 306a(5).

Second, we observe that although a compliant, timely filed rule 306a motion revives the trial court's otherwise-expired jurisdiction, that revived jurisdiction is of a limited nature. Specifically, when a compliant, timely rule 306a motion is filed, a trial court regains jurisdiction "for the *limited purpose* of holding an evidentiary hearing to

determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Lynd Co.*, 195 S.W.3d at 685 (emphasis added). This is in contrast to a timely postjudgment motion filed under rule 329b, the rule delimiting a trial court's jurisdiction to grant a new trial or to vacate, modify, correct, or reform its judgment. *See* Tex. R. Civ. P. 329b; *see also Legends Landscapes LLC v. Brown*, No. 06-13-00129-CV, 2014 WL 1260624, at *3 (Tex. App.—Texarkana May 6, 2014, no pet.) (mem. op.) (noting that granting a rule 306a motion does not result in a substantive change to the trial court's judgment but merely permits the timely filing of postjudgment motions). Since a trial court's ruling on rule 306a motion does not set aside or modify its judgment but merely determines the date on which a party's postjudgment and appellate timelines begin to run, we agree with our sister court that rule 329b's provisions setting forth the expiration of the trial court's jurisdiction to set aside or modify its judgment do not likewise limit its revived jurisdiction under rule 306a to determine, and sign an order finding, the date a party first learned of the trial court's judgment. *See Johnson Cty.*, 2018 WL 2170259, at *6. *Compare* Tex. R. Civ. P. 329b (setting forth the parameters of a trial court's plenary power to set aside or modify its judgment), *with* Tex. R. Civ. P. 306a(4)–(5) (providing that postjudgment deadlines run from date a party first learns of the judgment if it did not timely receive notice of the judgment), *and* Tex. R. App. P. 4.2(a) (providing that appellate deadlines run from the date a party first learned of the judgment if it did not receive timely notice of the judgment).

16

Finally, we are informed by the mandamus relief the supreme court granted in *Cantu*, a case in which a trial court had refused to hold a hearing on relator's motion to make a finding as to the date she learned of the trial court's summary judgment.[6] *See* 878 S.W.2d at 131. In *Cantu*, the supreme court directed the trial court to hold a hearing on the motion, make the requisite finding, and include that finding in an order. *See id.* at 132. Based on the date *Cantu* was handed down, the trial court would necessarily have had to hold the hearing, make the finding, and include that finding in an order more than 260 days after the date the relator had alleged she first learned of the trial court's judgment. *See id.* at 131. Thus, in *Cantu*, the supreme court directed a trial court to hear a motion requesting it to find the date of notice, to make a finding as to the date of notice, and to include that finding in an order well after the trial court's revived plenary power had expired. We are persuaded that the supreme court would not have instructed the trial court to take those actions if the expiration of the trial court's revived plenary power had extinguished its jurisdiction to do so.[7]

---

[6]Relator filed that motion under former appellate rule 5(b)(5), which was the predecessor to rule 4.2. *See Cantu*, 878 S.W.2d at 131.

[7]We note that although this is not a mandamus case, we issued a similar directive to the trial court here. Upon learning that the trial court here was declining to sign an order making the finding rule 4.2(c) required, we abated this case to the trial court and instructed it "to sign a written order that finds the date when appellant or appellant's attorney first either received notice or acquired actual knowledge that the August 8, 2017 judgment was signed." Like the supreme court's directive in *Cantu*, our directive to the trial court here came after its revived plenary power had already expired, and the trial court subsequently complied with our directive.

17

Here, Latter and Blum filed a timely rule 306a motion in the trial court and set not one, but two, hearings on that motion, both of which it set within the trial court's revived plenary power as measured from the date of notice alleged in the motion. Moreover, the trial court conducted both of those hearings within its revived plenary power but simply declined to make the requisite finding. At our direction, the trial court finally signed an order on April 5, 2018, making the finding. Under these facts, for the reasons explained above, we conclude the trial court had limited jurisdiction on April 5, 2018, to sign a written order finding the date when Latter and Blum or its counsel first learned of the trial court's judgment.

The trial court's November 1, 2017 date-of-notice finding means that Latter and Blum first learned of the trial court's August 8, 2017 default judgment more than twenty, but less than ninety-one days, after it was signed. Thus, Latter and Blum's postjudgment and appellate deadlines ran from November 1, 2017. *See* Tex. R. Civ. P. 306(a)(4); Tex. R. App. P. 4.2(a); *Lynd Co.*, 195 S.W.3d at 685. It follows that Latter and Blum's motion for new trial, filed on November 8, 2017, was timely. *See* Tex. R. Civ. P. 306a(1), (4), 329b(a) (providing that where rule 306a(4) applies, a motion for new trial must be filed within thirty days after the party first learns of the trial court's judgment). Consequently, Latter and Blum had ninety days from November 1, 2017, to file its notice of appeal. *See* Tex. R. App. P. 4.2(a), 26.1(b). Latter and Blum filed its notice of appeal on December 27, 2017, fifty-six days after November 1, 2017.

Accordingly, Latter and Blum's notice of appeal was timely, and we have jurisdiction over this appeal. *See Gutierrez*, 550 S.W.3d at 309.

## III. MOTION FOR NEW TRIAL

Having concluded we have jurisdiction over this appeal, we turn to the merits of Latter and Blum's sole issue. The trial court did not rule on Latter and Blum's motion for new trial. Consequently, it was overruled by operation of law on January 16, 2018. *See* Tex. R. Civ. P. 306a(1), (4), 329b(c). In its sole issue, Latter and Blum argues the trial court abused its discretion by allowing its motion for new trial to be overruled by operation of law. Within its sole issue, Latter and Blum raises a subissue, contending that the record reflects Murphy failed to strictly comply with the rules governing service of process. We agree, and because that conclusion is dispositive of this appeal, we need not address Latter and Blum's remaining arguments. *See* Tex. R. App. P. 47.1; *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.).

### A. APPLICABLE LAW

A default judgment cannot withstand direct attack by a defendant who demonstrates that he was not served in strict compliance with applicable requirements. *Master Capital Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App.—El Paso 2015, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). When reviewing the propriety of a default judgment, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Id.* (citing *Uvalde Country Club*

19

*v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). Instead, the prevailing party bears the burden to prove service of process was proper. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam). If the record fails to show strict compliance with the applicable requirements relating to the issuance, service, and return of citation, the attempted service of process is invalid and of no effect. *Wilson*, 800 S.W.2d at 836.

### B. THE ANSWER CLEMENTS FILED WAS NOT BINDING ON LATTER AND BLUM

Latter and Blum faces an initial hurdle to its complaint that it was not properly served: the record reflects that Clements filed an answer on its behalf, and under rule of civil procedure 121, "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121; *see In re A.L.H.*, 515 S.W.3d 60, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Filing an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation and waiving any complaints about service."). Latter and Blum has attempted to surmount this hurdle by contending in its motion for new trial that Clements was not authorized to file an answer on its behalf in this case, a contention it now repeats on appeal.

It is well established that an attorney appearing for a party is presumed to be duly authorized to do so, and that presumption will prevail until it has been conclusively shown that the attorney was not authorized to appear for the party. *In re Fitzgerald*, 429 S.W.3d 886, 892 (Tex. App.—Tyler 2014, orig. proceeding); *West v. City*

20

*Nat'l Bank of Birmingham*, 597 S.W.2d 461, 463 (Tex. App.—Beaumont 1980, no writ);

*Hidalgo Cty. Drainage Dist. No. 1 v. Magnolia Petroleum Co.*, 47 S.W.2d 875, 876 (Tex.

App.—San Antonio 1932, writ ref'd). The attorney-client relationship is one of

agency, and the general rule is that the attorney's acts are attributable to and binding

on the client. *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 567–68 (Tex. 1962); *In re

Guardianship of Patlan*, 350 S.W.3d 189, 197 (Tex. App.—San Antonio 2011, no pet.)

("[T]he actions of an attorney, as his client's agent, necessarily binds the client.").

However, the longstanding rule in Texas is that a party is not bound by the acts of an

attorney if the party successfully rebuts this presumption and establishes the attorney

was not authorized to act on its behalf. *See Merritt v. Clow*, 2 Tex. 582, 588 (1847); *Levy

v. Roper*, 230 S.W. 514, 516 (Tex. App.—San Antonio 1921), *modified*, 256 S.W. 251

(Tex. 1923).

As noted above, Clements's and Merritt's affidavits establish that Latter and

Blum and Clements have never had an attorney-client relationship and that Latter and

Blum did not authorize Clements to act on its behalf in any respect in this lawsuit.

Further, their testimony in that regard was not only undisputed but was also clear,

positive, direct, otherwise credible, free from contradictions and inconsistencies, and

could have been readily controverted. *See City of Keller v. Wilson*, 168 S.W.3d 802, 820

(Tex. 2005) (noting that a factfinder may not disregard such evidence). Accordingly,

Latter and Blum conclusively established that Clements was not its attorney and that

he was not authorized to file an answer on its behalf in this lawsuit. *See id.* at 816

21

(noting that evidence is conclusive if reasonable people could not differ in their conclusions).

Having established that Clements lacked authority to file the answer he purportedly filed on Latter and Blum's behalf in this case, it follows that Latter and Blum cannot be bound by Clements's action. *See Merritt*, 2 Tex. at 588; *Levy*, 230 S.W. at 516; *see also West*, 597 S.W.2d at 463 (holding party bound by the answer filed by allegedly unauthorized attorney where evidence *did not* conclusively rebut presumption that attorney appearing for a party is duly authorized); *cf. Les Orleans, Ltd. v. Schmauss*, No. 01-84-00575-CV, 1986 WL 20861, at *1 (Tex. App.—Houston [1st Dist.] July 31, 1986, writ ref'd n.r.e.) (not designated for publication) ("It is well-settled law in Texas that an appearance by an attorney who has no authority to appear is not binding on the party."). Consequently, we conclude that Latter and Blum did not file an answer in this case. *Cf. In re T.M.E.*, 565 S.W.3d 383, 388 n.2 (Tex. App.—Texarkana 2018, no pet.) (observing that logically, to find a defendant has answered a lawsuit, "there must be (1) a writing containing sufficient information to constitute an answer and (2) proof that the *defendant*—or *someone authorized to act on behalf of the defendant*—presented the writing to the district clerk for filing in the clerk's record" (emphasis added)). And since Latter and Blum did not file an answer, rule 121 does not preclude it from complaining that it was not properly served with process in this case. *See* Tex. R. Civ. P. 121.

22

## C.  THE RECORD DOES NOT SHOW THAT MURPHY STRICTLY COMPLIED WITH THE RULES OF SERVICE

We now turn to Latter and Blum's contention that it was not properly served with process.

The record shows that Murphy opted to have Latter and Blum served with process through its registered agent by certified mail, return receipt requested. *See* Tex. R. Civ. P. 106(a)(2). Rule of civil procedure 107 requires that when service of process is effected by certified mail, the return of service must contain the return receipt with the addressee's signature. Tex. R. Civ. P. 107(c); *All Commercial Floors*, 97 S.W.3d at 726–27. Here, it is undisputed that Merritt is Latter and Blum's registered agent for service of process. But although process was mailed to Merritt as registered agent as directed in Murphy's petition, the return receipt does not bear Merritt's signature. Rather, the return receipt was signed by someone whose first name is Amanda. Thus, the record on its face reflects that the return was not signed by the addressee or registered agent. *See All Commercial Floors*, 97 S.W.3d at 727. Accordingly, Murphy failed to strictly comply with rule 107; thus, the record reflects that Latter and Blum was not validly served with process. *See id.* We therefore sustain Latter and Blum's subissue. *See id.* And because that subissue is dispositive, we need not address any of Latter and Blum's remaining arguments. *See* Tex. R. App. P. 47.1; *All Commercial Floors*, 97 S.W.3d at 727.

## IV.  CONCLUSION

Having sustained Latter and Blum's dispositive subissue, we reverse the trial court's default judgment as to Latter and Blum only and remand the case for further proceedings.  Tex. R. App. P. 43.2(d).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  August 8, 2019